1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| 12  MARK STEVEN ZWICK, Derivatively<br>13  on Behalf of Nominal Defendant LIVE<br>    NATION ENTERTAINMENT, INC., | Case No. 2:23-cv-09520-KK (ASx) |
| 14                    Plaintiff, | **ORDER GRANTING STAY OF**<br>  **DERIVATIVE ACTION** |
| 15       v. | **[NOTE CHANGES BY COURT]** |
| 16  MICHAEL RAPINO, GREGORY B.<br>17  MAFFEI, MAVERICK CARTER, PING<br>    FU, JEFFREY T. HINSON, CHAD<br>18  HOLLINGSWORTH, JIMMY IOVINE,<br>    JAMES S. KAHAN, RANDALL T.<br>19  MAYS, LATRIECE WATKINS, RICH<br>    PAUL, and DANA WALDEN, | |
| 20                    Defendants, | |
| 21                       and | |
| 22  LIVE NATION ENTERTAINMENT,<br>23  INC., | |
| 24                    Nominal Defendant. | |
| 25 | |

26
27
28

**ORDER**

Having reviewed the stipulation of Mark Steven Zwick ("Plaintiff"), derivatively on behalf of Live Nation Entertainment, Inc. ("Live Nation") and Defendants Michael Rapino, Gregory B. Maffei, Maverick Carter, Ping Fu, Jeffrey T. Hinson, Chad Hollingsworth, Jimmy Iovine, James S. Kahan, Randall T. Mays, Latriece Watkins, Rich Paul, Dana Walden ("Individual Defendants") and Nominal Defendant Live Nation (together with Individual Defendants, the "Defendants," and collectively with Plaintiff, the "Parties") and good cause appearing therefore, the Court hereby ORDERS that:

1.      This Derivative Action, including all deadlines, is stayed in its entirety through the final resolution of the Securities Action (including, but not limited to, a dismissal with prejudice pursuant to a dispositive motion or final approval of a class settlement), meaning that the Securities Action is adjudicated and closed and any appeals have concluded, or the time for seeking appellate review has passed with no further action;

2.      Defendants shall promptly notify Plaintiff of any related derivative lawsuits against them or any demands under Section 220 of the Delaware General Corporation Law that they receive that are based on the same or substantially similar allegations as this Derivative Action;

3.      If another derivative lawsuit arising out of the same or substantially similar facts is not stayed for the same or longer duration as the stay of this Derivative Action, Plaintiff may terminate the stipulated stay upon 30 days written notice via email to counsel for Defendants;

4.      The Parties shall meet and confer on a quarterly (every 90 days) basis regarding the status of the Securities Action and whether this Derivative Action should, in the interest of judicial economy, remain stayed. Within five (5) days of such conferral, the Parties shall submit to the Court a status report and recommendation as to whether the Action should remain stayed;

5.  Upon order of the Court lifting the stay, the Parties shall promptly meet and confer and submit a proposed scheduling order governing any further proceedings in this Derivative Action, including any date by which Defendants must answer or otherwise respond to the Complaint;

6.  Notwithstanding the stay, Defendants shall provide Plaintiff with notice reasonably in advance of any mediation or formal settlement talks between the parties in the Securities Action or concerning any matters described in Paragraph 2, *supra*, and to the extent practicable shall invite Plaintiff to participate in any such mediation or settlement talks, but if Plaintiff is not invited to participate, Defendants agree to participate in separate settlement talks with Plaintiff as soon as possible thereafter; and

7.  The Parties expressly reserve all challenges and defenses and claims.

Failure to timely file status reports may result in sanctions, including dismissal for failure to prosecute and/or comply with Court orders.

IT IS SO ORDERED.

Dated: March 14, 2024

By: _____
HON.  KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE